UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THORSNES BARTOLOTTA MCGUIRE LLP,<br><br>                              Plaintiff,<br><br>v.<br><br>DWIGHT JORY *et al.*,<br><br>                              Defendants. | Case No.:  21-CV-1100-LL(WVG)<br><br>**ORDER RESCHEDULING AND CONVERTING MANDATORY SETTLEMENT CONFERENCE TO VIDEO CONFERENCE AND ISSUING UPDATED PROCEDURES** |

The Mandatory Settlement Conference ("MSC") in this matter is VACATED and RESCHEDULED to **July 14, 2022, at 9:00 a.m.** Counsel shall submit settlement statements **directly to chambers via efile_Gallo@casd.uscourts.gov** no later than **July 5, 2022**. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court but may be served on opposing counsel at the party's discretion. Settlement conference briefs shall comply with the undersigned's Chambers Rules.** The parties shall meet and confer in good faith prior to the Mandatory Settlement Conference and

verify that they have done so in their respective Mandatory Settlement Conference statements, outlining the substance of their discussions and negotiations.

Pursuant to Federal Rule of Civil Procedure 16 and Local Civil Rule 16.3, all named Plaintiffs, named Defendants, claims adjusters for insured defendants, and if a named Plaintiff or Defendant is a corporation, partnership, or other entity, a representative of that entity, with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, shall participate and must be prepared to discuss in good faith, the facts of the case, the law that governs the legal issues in the case, and to resolve the case at the Settlement Conference. Sanctions may issue against a party and/or attorney who does not proceed as noted above. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.

Counsel seeking to reschedule a Settlement Conference must first confer with opposing counsel. The Court will consider formal, written *ex parte* requests to continue a Settlement Conference when extraordinary circumstances exist that make a continuance appropriate.

Additionally, the original Scheduling Order required the personal attendance of all parties, party representatives, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation. However, in light of the continuing global

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

pandemic, the Court hereby converts the in-person MSC to video conferences. To facilitate this modification, **IT IS HEREBY ORDERED:**

1. The Court will use its official Zoom video conferencing account to hold the MSC. The Zoom software is available for download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[2] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the MSC.[3] There is a cost-free option for creating a Zoom account.

2. Prior to the start of the MSC, the Court will e-mail each participant an invitation to join the Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers with a camera for the video conference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the MSC begins.

3. Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the MSC to ensure that the MSC begins promptly at 9:00 a.m. **The Zoom e-mail invitation may indicate an earlier start time, but the MSC will begin at the Court-scheduled time.**

---

[2]  If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.

[3]  For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

4. Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person MSC. That is, the Court will begin the MSC with all participants joined together in a main session. After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls "Breakout Rooms."[4] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

5. **No later than July 5, 2022,** counsel for each party shall send an e-mail to the Court at **efile_Gallo@casd.uscourts.gov** containing the following:

    a. The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

    b. An **e-mail address for each participant**. This email address should be the same address the participant has used to create his or her Zoom account; and

    c. A **telephone number where each participant** may be reached so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference. (If counsel prefers to have all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and

---

[4] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646. In short, the Court will manually place each participant in their respective Breakout Room. When the Court does this, on the participants device, the participant will see a notification regarding joining the Breakout Room. The participant should select the option to join the room. If the Court then wishes to close the Breakout Rooms and converse with all parties and counsel, the participant should choose the option that will appear on his or her device to leave the Breakout Room—this will send the participant to the group room; it will not expel the participant from the conference.

parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

6. All participants shall display the same level of professionalism during the MSC and be prepared to devote their full attention to the MSC as if they were attending in person. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference. Participants should also participate in the conference in a location that allows for privacy and which does not contain background noise such as dogs barking, children, or other noise that will disrupt the conference.

IT IS SO ORDERED

Dated: February 4, 2022

_____
Hon. William V. Gallo
United States Magistrate Judge